UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>        Plaintiff,<br><br>   v.<br><br>H&R BLOCK, INC., a foreign corporation; H&R BLOCK SERVICES, INC., a foreign corporation; BLOCK FINANCIAL CORPORATION; BLOCK FINANCIAL CORPORATION, a foreign corporation; HRB ROYALTY, INC., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. C 06-2058 SC<br><br>ORDER REMANDING<br><u>ACTION TO STATE COURT</u> |

**I.  INTRODUCTION**

Before the Court is a Motion to Remand by Plaintiff California Attorney General on behalf of the People of California ("Plaintiff" or "AG").  Defendants H&R Block, Inc. et al. ("Defendants" or "Block") have opposed the Motion.  For the reasons stated herein, the Court GRANTS the Motion to Remand.

**II.  BACKGROUND**

On February 15, 2006, the AG filed a Complaint against Defendants in the Superior Court of California for the City and County of San Francisco.  <u>See</u> Not. of Remov., Ex. A.  The twenty-page Complaint alleges a pattern of misconduct by Block in their

1  provision of tax preparation services related to Block's sale and
2  marketing of Refund Anticipation Loans ("RAL").  <u>See</u> <u>Id</u>.  The
3  complained of conduct includes <u>inter alia</u>:

   -Binding RAL applicants to participation in debt collection
   scheme related to past loans without properly disclosing the
   nature of the arrangement and misleadingly portraying it. <u>see</u>
   Compl., ¶ ¶ 31-36.

   -Failing to make proper "no purchase necessary" disclosures
   in a lottery-type promotion.  <u>Id</u>., ¶ 51.

   -Improperly handling tax-payer information.  <u>Id</u>., ¶ ¶47-49.

   -Failing to advise their poor clients of the relative
   advantages of other options to borrowing against their tax
   refund, in violation of their fiduciary duties.  <u>Id</u>., ¶ ¶ 25-
   28.

   -Making deceptive and misleading statements to consumers
   regarding RALs as an inducement for consumers to purchase
   them.  <u>Id</u>., ¶ ¶ 37-45.

   -Steering clients to expensive check-cashing businesses
   without adequately disclosing Blocks' financial interest in
   clients using the services of these businesses.  <u>Id</u>., ¶ 50.

   -Failing to make proper disclosure of fees charged for
   deferring service charges in violation of the Truth-in-
   Lending Act ("TILA"), 15 U.S.C. §§ 1631, 1632, and related
   regulation.  <u>Id</u>., ¶ ¶ 29, 56(g)

18  In alleging the complained of conduct, the Complaint
19  describes the high costs associated with the RALs and other
20  related products offered by Block, but does not specifically
21  allege that these costs constituted wrongful conduct in-and-of-
22  themselves.  <u>See</u>, <u>e.g.</u>, <u>id</u>., ¶ ¶ 24, 41, 44.  For example, in an
23  early section of the Complaint in which the RAL program is
24  outlined, the Complaint describes RALs as "very short-term, very
25  expensive loans" and states that those who purchase them
26  "typically pay interest, depending on the size of the loan, at an
27  Annual Percentage Rate (APR) of from 40% to well over 100% APR,"
28

2

1  and that if associated fees are included "the rate could be in
2  excess of 500%."  Id., ¶ 24.
3      On the basis of the alleged wrongful conduct, the Complaint
4  makes two state law claims: a violation of California Business and
5  Professional Code Section 17500 and a violation of California
6  Business Code Section 17200.  Id., ¶ ¶ 52-56.  Section 17500
7  prohibits inter alia the making of "[f]alse or misleading
8  statements" in an attempt to induce the public of California to
9  enter into an obligation to purchase goods or services.  Cal. Bus.
10 & Prof. Code § 17500.  Section 17200 prohibits "[u]nfair
11 competition," including inter alia an "unlawful, unfair or
12 fraudulent business act or practice and unfair, deceptive, untrue
13 or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The
14 Complaint requests various types of relief available under the
15 Business and Professional Code, including civil penalties,
16 restitution, and an order enjoining any of the activities found to
17 be in violation of Sections 17200 and 17500.  Comp. at 19-20.
18     On March 17, 2006, Defendants removed the case to this Court.
19 See Not. of Remov.  On May 16, 2006, the AG moved to remand the
20 case to state court.  See Mot. to Remand.

22 **III.  LEGAL STANDARD**
23     A complaint originally filed in state court may be removed to
24 federal court pursuant to 28 U.S.C. § 1441 within thirty days of
25 service on the defendant.  28 U.S.C. § 1446(b).
26     On a motion by a plaintiff to remand to state court, a
27 defendant bears the burden of showing that a federal court would

have jurisdiction from the outset; in other words, that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). To meet this burden, a defendant must overcome a "strong presumption" against removal. Id. Courts "strictly construe the removal statute against removal jurisdiction[, and] federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id., see also Plute v. Roadway Package Sys., Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001)("any doubt is resolved in favor of remand"). The bar is further raised when the removal in question is of an action brought originally by a State in a State court. Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California et al., 103 S Ct. 2841, 2853, n. 22 (1983) ("[C]onsiderations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it."). As the language of these standards makes clear, a district court's subject matter jurisdiction is determined on the basis of the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

**IV.  DISCUSSION**

Defendant presents two basic arguments in favor of removal (and in opposition to remand), both premised on the Court's federal question jurisdiction under 28 U.S.C. § 1331: 1) the AG's suit is preempted by the National Bank Act ("NBA"), 12 U.S.C. §§

4

21 et seq.; and, somewhat alternatively, 2) the AG's state law claim presents a substantial federal question which justifies removal. See Defs' Opp. Neither is persuasive.

### A. The AG's Suit is Not Preempted

The core of the Defendants' preemption argument is that the AG's suit is really about usury and so the actions of Block's partner in the disputed business, HSBC, and, as such, is completely preempted by the NBA. See Defs' Opp. This argument fails.

What is known as the "well-pleaded complaint" rule provides the basic guidelines for determining whether a district court has subject matter jurisdiction grounded on the existence of a federal question. Franchise Tax Board, 103 S Ct. at 2846. Under this rule, a district court looks exclusively to the plaintiff's complaint to determine "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute." Id. (internal quotation omitted). Under this "more-or-less automatic[]" rule, if the complaint on its face presents no federal question, no subject matter jurisdiction exists. Id. "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

Defendants implicitly concede that the AG's complaint meets this standard, but argue that Defendants should be allowed to avoid remand nonetheless on the basis of an exception to the rule

5

1 articulated by the Supreme Court in <u>Beneficial Nat. Bank v.
2 Anderson</u>, 123 S. Ct. 2058 (2003). <u>See</u> Opp. at 4. Specifically,
3 Defendants point to the exception which the Supreme Court found to
4 exist "when a federal statute wholly displaces the state law cause
5 of action." <u>Anderson</u>, 123 S. Ct. at 2063; <u>see</u> Opp. at 4.
6 According to Defendants, because the Complaint mentions the high
7 cost of the RALs, it is actually a usury case and pre-empted by
8 the NBA. <u>Id</u>.

9 The Court need not examine whether such a usury claim would
10 be pre-empted by the NBA because the AG makes no usury claim.
11 Rather, the AG's two causes of action are as the AG's Complaint
12 states them: claims that Block violated provisions of
13 California's Business and Professional Code which prohibit
14 misleading advertising and unfair business practices. <u>See</u> Comp.
15 The Complaint nowhere states that the alleged high cost of the
16 RALs form the basis of the complained of violations, but rather
17 makes clear that the problem with the RALs is the way Block
18 markets and sells them. <u>See id</u>. The Complaint's statements
19 regarding the RALs' costs are contextual, meant to inform the
20 court about the consequences of Block's alleged malfeasance and
21 thus impress upon the court AG's need for relief. They certainly
22 do not form a basis for this Court to snatch the case from the
23 state court in which the state of California brought it. <u>See
24 Franchise Tax Board</u>, 103 S. Ct. at 2853, n. 22.

**B. The AG's Suit Does Not Present Substantial Federal Questions Mandating Removal**

Somewhat alternatively, Defendants argue the Court

6

"independently has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1331 because the AG's demand for relief depends on a substantial federal question." Defs' Opp. at 11. Specifically, Defendants argue that the AG's request for an order enjoining "defendants from '[d]oing any of the acts set forth in this complaint'" necessarily raises substantial and disputed federal issues because a single violation of the TILA is among the many allegations of malfeasance on which the Complaint predicates its Section 7200 unfair competition cause of action. Id. at 14-15 (quoting Compl. at 19).[1] This argument is equally unavailing.

In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, the Supreme Court stated the following basic standard for removal on these grounds:

> [T]he question is, does a state law claim **necessarily raise** a stated federal issue, **actually disputed and substantial**, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility.

125 S. Ct. 2363, 2368 (2005)(emphasis added). Thus, to prevail, Defendants must show: 1) that the AG's state law claim necessarily raises the federal issues they claim it does; 2) that these issues are actually disputed and substantial; and 3) assuming conditions 1 and 2 are met, that it is appropriate, from a state-federal balance of responsibility perspective, for this

---

[1] Defendants also state in a footnote that the Court can base its subject matter jurisdiction under this doctrine on the basis of the AG's allegation that Block has violated sections of the Internal Revenue Code, 26 U.S.C. § 7216, by disclosing certain taxpayer information and "the AG's argument predicated on Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e-g." Opp. at 13. These un-argued statements fail to satisfy Defendants' burden in opposing the AG's Motion.

7

Court to take this case from a state court and hear it.  In light of this demanding standard, it is no surprise that the Supreme Court has recently described the category of cases which meet it as "slim[,] . . . special and small."  <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 126 S. Ct. 2121, 2137 (2006).

To meet the first part of this standard, a removing party must show that resolution of the state law claim <u>necessitates</u> addressing an issue of federal law that is both disputed and substantial.  <u>Grable</u>, 125 S. Ct. at 2368.  It is not sufficient to show that a state law claim simply touches upon or implicates a federal issue, but rather determination of the federal issue must be <u>necessary</u> to resolve the claim.  <u>Id</u>.  In other words, the elements of the state claim which involve a federal issue must be "essential parts of the plaintiffs' cause of action."  <u>Id</u>., at 2368-69.[2]

The AG's allegation that Block has violated the TILA does not form an "essential part[]" of the AG's Section 17200 cause of action against Block.  <u>Grable</u>, 125 S. Ct. at 2368.  Rather, it is but one of eight basic predicate violations (many containing sub-violations) on which the AG bases its Section 17200 cause of action.  <u>See</u> Compl., ¶ 56.  If the AG successfully proves any one of these predicate acts it will prevail on its Section 17200 cause

---

[2] The federal issue allegedly raised must also be legal, as opposed to factual, going to "validity, construction, or effect" of an element of federal law.  <u>Id</u>. at 2369 n. 3. (internal quotations omitted).  And the issue must be both "actually disputed and substantial."  <u>Id</u>. at 2368; <u>see</u> <u>also</u> <u>McVeigh</u>, 126 S. Ct. at 2137 ("<u>Grable</u> presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax and sale cases.'") (internal citation omitted).

8

of action.  See Cal. Bus. & Prof. Code § 17200.  The TILA violation predicate, therefore is not, and cannot be characterized as, an essential part of that cause of action.  Compare Grable 125 S. Ct. at 2368 ("Whether Grable was given notice within the meaning of the federal statute is thus an essential element of this quiet title case . . .; it appears to be the only legal or factual issue contested in the case.").

Defendants' argument that, should the AG prevail, the State Court will have to determine whether Block has violated the TILA in making its decision whether to order part of the relief requested is unavailing.  There are many instances in which a state court is called upon to determine an issue of federal law that do not provide a basis for removal jurisdiction.  For example, removal is not appropriate when an answer to a state law cause of action is based on a federal law defense.  See Franchise Tax Board, 103 S. Ct. at 2848.  If upon remand the state court commits an error in dealing with this minor part of the AG's claims against Block, Defendants, like any litigants, can seek remedy "through the state appellate courts and ultimately [the Supreme] Court."  Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970).

Finally, even if the Court were to accept Defendants' strained reading of this standard and find that the AG's predicate allegation that Defendants violated the TILA necessarily raises a federal law issue (which it does not), went through the second part of analysis (which it won't) and determined this issue was substantial and disputed, the Court would still decline to take

the case from state court. "[T]he presence of a disputed issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Grable, 125 S. Ct. at 2368. In this case, brought by the state of California in a California state court to enforce California laws for conduct which occurred in California and which allegedly victimized California citizens, the "disruptive portent" is particularly stark. Id.; see Franchise Tax Board, 103 S Ct. at 2853, n. 22; State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 189 (1901); Barry Friedman, Under the Law of Federal Jurisdiction: Allocating Cases Between Federal and State Courts, 104 Colum. L. Rev. 1211, 1242 (2004)("A sovereign's interest in enforcement encompasses defining the laws or rules that govern society, seeing that those laws and rules are obeyed, and punishing those who transgress them. This enforcement interest is a quintessential aspect of sovereignty. . . . The principle that a state's enforcement interest may justify litigation in state court encounters virtually no dissent.")

/
/
/
/
/
/
/
/

10

**V.     CONCLUSION**

For the foregoing reasons, the AG's motion to remand is GRANTED and this cases is hereby REMANDED to the Superior Court of California for the City and County of San Francisco.

IT IS SO ORDERED.

Dated: September 18, 2006

_____
UNITED STATES DISTRICT JUDGE

11